Ping Zhang v Zhao Chen Yu (2019 NY Slip Op 04014)





Ping Zhang v Zhao Chen Yu


2019 NY Slip Op 04014


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-10397
 (Index No. 711833/15)

[*1]Ping Zhang, plaintiff, 
v
Zhao Chen Yu, et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall D. Sweetbaum], of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated August 1, 2017. The order denied the defendants' unopposed motion to dismiss the complaint for failure to timely serve them or, in the alternative, pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant Shu Guang Shi for failure to timely serve that defendant and that branch of the motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Zhao Chen Yu as abandoned are granted.
The plaintiff allegedly sustained personal injuries in an automobile accident in August 2013. In November 2015, the plaintiff commenced this personal injury action. The defendants moved in April 2017 to dismiss the complaint on the ground that the plaintiff had failed to timely serve them (see CPLR 306-b) or, in the alternative, on the ground that the plaintiff had failed to seek a default judgment within one year of their defaults (see CPLR 3215[c]). The plaintiff did not file an opposition to the motion. In an order dated August 1, 2017, the Supreme Court denied the defendants' motion, inter alia, on the ground that the defendants were properly served. The defendants appeal.
According to the affidavits of service, the summons and complaint were served on the defendant Zhao Chen Yu in December 2015, which was within 120 days of the commencement of the action, and on the defendant Shu Guang Shi in April 2017, well beyond the 120-day limit for service (see CPLR 306-b; Bank United, FSB v Verbitsky, 167 AD3d 833). As already noted, the plaintiff failed to oppose the defendants' motion to dismiss. In the absence of any showing of good cause, or that the time for service should be extended in the interest of justice as to Shu Guang Shi (see Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 714; Wills v NYP Holdings, Inc., 165 AD3d 1311, 1312), the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Shu Guang Shi for failure to timely serve that defendant (see Wills v NYP Holdings, Inc., 165 AD3d at 1312).
Although Zhao Chen Yu was timely served with the summons and complaint and [*2]failed to appear in the action, the plaintiff failed to take proceedings for entry of a default judgment against her within one year after her default. Thus, without any showing of sufficient cause as to why the complaint should not be dismissed as to Zhao Chen Yu as abandoned pursuant to CPLR 3215(c), the Supreme Court should have granted that branch of the defendants' motion (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843; Giglio v NTIMP, Inc., 86 AD3d 301, 308).
In sum, the Supreme Court should have granted the defendants' motion to dismiss the complaint insofar as asserted against Shu Guang Shi because the plaintiff failed to timely serve that defendant, and insofar as asserted against Zhao Chen Yu because the plaintiff abandoned the action as to that defendant.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court